# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: December 15, 2016)

| | | |
|---|---|---|
| * * * * * * * * * * * * *  | * | UNPUBLISHED |
| ADAM JACK KINDER, | * | |
| | * | No. 15-1212V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reduction for Travel Time; Reduction |
| | * | of Paralegal Rate. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On October 16, 2015, Adam Jack Kinder ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that the influenza vaccine he received on October 3, 2014, caused him to develop optic neuritis. Petition at 1. On August 9, 2016, the undersigned issued a decision based on the parties' stipulation. Decision dated August 9, 2016 (ECF No. 32).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

I.   **Background**

On August 31, 2016, petitioner filed a motion for attorneys' fees and costs for his counsel, Black McLaren Jones Ryland & Griffee, P.C., of Memphis, Tennessee ("the McLaren firm"). Petitioner's Application ("Pet'r's App.") dated August 31, 2016 (ECF No. 36). Petitioner requests attorneys' fees in the amount of $33,374.50 and costs in the amount of $11,823.59, for a total award of $45,198.09. Pet'r's App. at 1. In compliance with General Order #9, petitioner stated that he incurred no costs in pursuit of this litigation. Pet'r's App., Ex. 3 at 1.

On September 15, 2016, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent's Response ("Resp's Resp.") dated September 15, 2016 (ECF No. 38). Respondent disputed that petitioner's counsel should be compensated at forum rates and "propose[d] that a reasonable overall amount for attorneys' fees and costs in the present case would fall in the range of $24,500.00 to $30,000.00." Id. at 1, 13.

On September 23, 2016, petitioner filed a reply. Reply dated September 23, 2016 (ECF No. 39). Petitioner disputed respondent's contention regarding local versus forum rates and further argued that respondent's proposed range for fees in this case is arbitrary. Id. Petitioner also submitted supplemental billing records reflecting additional fees and costs in the amount of $746.12 for preparing petitioner's fee application, bringing the total requested amount of attorneys' fees and costs to $45,944.21. Pet'r's Reply, Ex. 2 at 1-2.

This matter is now ripe for adjudication. For the following reasons, the undersigned GRANTS petitioner's application for attorneys' fees and costs and awards a total of $43,990.21.

II.   **Discussion**

On November 4, 2016, the undersigned issued a reasoned decision in Henry v. HHS, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at forum rates, which are consistent with the rates requested in the instant application. However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016. The undersigned adopts the reasoning in the Henry decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs. However, consistent with Henry, the undersigned reduces the award to reflect a rate reduction for travel time and 2016 paralegal rates.

In June 2016, Mr. Cochran billed a total of 10.6 hours for travel time, amounting to billing of $3,763.00. Pet'r's App., Ex. 2, at 9-10. Notwithstanding the fact that Mr. Cochran was noted to be working on case review en route, the undersigned reduces these hours by 50 percent. See, e.g., Hocraffer v. HHS, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special

masters consistently award compensation for travel time at 50 percent of the billing rate in the Vaccine Program."). This results in a reduction of $1,881.50.

The undersigned also notes that the instant application for fees and costs states that petitioner requests $140.00 per hour for paralegal work performed in 2016. See Pet'r's App. at 9. However, billing records reflect that the firm was actually billing $150.00 per hour for paralegal work in 2016. See Pet'r's App., Ex. 2 at 6. Petitioner billed 14.5 total hours of paralegal time in 2016 at a rate of $150.00 per hour, for a total of $2,175.00. The undersigned will compensate petitioner's 2016 paralegal work at a rate of $145.00 per hour, thus reducing the total amount of fees and costs by $72.50. See Pet'r's App. at 24; Pet'r's Reply, Ex. 2 at 1.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $11,823.59 in attorneys' costs. See Pet'r's App., Ex. 2; Pet'r's Reply, Ex. 2. The requested attorneys' costs include filing fees, medical record fees, postage, photocopies, travel expenses, and expert witness fees. In accordance with General Order #9, petitioner states that she did not incur personal costs in pursuit of the claim. See Pet'r's App., Ex. 3, at 1. The undersigned finds the requested attorneys' costs to be reasonable and will pay them in full.

### III. Conclusion

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $34,120.62 |
| Less 50 percent reduction for travel time: | - $1,881.50 |
| Less 2016 paralegal rate reduction: | - $72.50 |
| Adjusted total: | $32,166.62 |
| Costs: | $11,823.59 |
| **Total Attorneys' Fees and Costs Awarded:** | **$43,990.21** |

**Accordingly, the undersigned awards a lump sum of $43,990.21, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

>  **/s/ Nora Beth Dorsey**
>  Nora Beth Dorsey
>  Chief Special Master